MARY'S OPINION HEADING 









                                                NOS.
12-07-00023-CR

          12-07-00036-CR

          12-07-00037-CR

          12-07-00038-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

BRYAN KEITH JACKSON,            §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                            
                                                                                               

MEMORANDUM
OPINION

PER
CURIAM

            Bryan Keith Jackson appeals his convictions for sexual
assault of a child, indecency with a child, escape while arrested/confined for
a felony, and attempting to take a weapon from peace officer.  Appellant’s counsel filed a brief in
compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d
137 (Tex. Crim. App. 1969).  We affirm.

 

Background

            Appellant was charged by indictment with sexual assault
of a child,[1]  indecency with a child,[2]








 escape while arrested/confined for a felony,[3] and
attempting to take a weapon from peace officer.[4]  At
a hearing on December 8, 2006, Appellant entered pleas of guilty to all four
indictments. Appellant, his counsel, the State, and the trial court signed
written plea admonishments, which included plea agreements, acknowledgment of
the admonishments, sworn waivers, pleas of guilty, statements regarding
representation, and judicial confessions in which Appellant swore that all
allegations pleaded in the indictments were true.  The trial court deferred an adjudication of
guilt on the sexual assault of a child charge, placed Appellant on community
supervision for ten years, and assessed a fine in the amount of $1,500.00,
court costs in the amount of $568.00, and restitution in the amount of $318.92.  On the indecency with a child charge, the
trial court deferred an adjudication of guilt, placed Appellant on community
supervision for ten years and assessed a fine in the amount of $1,500.00 and
court costs in the amount of $563.00. 
However, the trial court adjudged Appellant guilty of escape while
arrested/confined for a felony and assessed Appellant’s punishment at seven
years of imprisonment, a fine in the amount of $2,500.00, and court costs in
the amount of $238.00.  Further, the
trial court adjudged Appellant guilty of attempting to take a weapon from a
peace officer and assessed his punishment at eighteen months in a state jail
facility, a fine in the amount of $1,000.00, and court costs in the amount of
$238.00.  The trial court certified Appellant’s
right to appeal matters raised by written motion filed and ruled on before
trial.  See Tex. R. App. P. 25.2(a)(2).  This appeal followed.

 

Analysis pursuant to Anders v. California

            Appellant’s counsel filed a brief in compliance with Anders
and Gainous, stating that he has diligently reviewed the
appellate records and is of the opinion that the records reflect no reversible

error and that there is no
error upon which appeals can be predicated. 
From our review of counsel’s brief, it is apparent that he is well
acquainted with the facts in these cases. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel’s brief
presents a chronological summation of the procedural history of the cases and
further states that counsel is unable to raise any meritorious issues for
appeal.[5]  We have likewise reviewed the record for
reversible error and have found none.

 

Conclusion

            As required by Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant’s counsel
has moved for leave to withdraw.  We
carried the motion for consideration with the merits of the appeal.  Having done so and finding no reversible
error, Appellant’s counsel’s motion for leave to withdraw is hereby granted
and the trial court’s judgments are affirmed.

 

Opinion delivered August 30, 2007.

Panel consisted of Worthen, C.J., Griffith, J.,
and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT
PUBLISH)











[1] Tex.
Penal Code Ann. § 22.011(a)(2)(A) (Vernon 2003).  An offense under section 22.011(a)(2)(A) is a
felony of the second degree.  Id.
§ 22.011(f).  A second degree felony is
punishable by imprisonment for any term of not more than twenty years or less
than two years and, in addition, a fine not to exceed $10,000.  Id. § 12.33 (Vernon 2003).





[2] Tex.
Penal Code Ann. § 21.11(a)(1) (Vernon 2003).  An offense under section 21.11(a)(1) is a
felony of the second degree.  Id.
§ 21.11(d).  A second degree felony is
punishable by imprisonment for any term of not more than twenty years or less
than two years and, in addition, a fine not to exceed to $10,000.  Id. § 12.33.





[3] Tex. Penal Code Ann. § 38.06(c) (Vernon 2003). 
An offense under section 38.06(c) is a felony of the third degree.  Id. § 38.06(c).  A third degree felony is punishable by
imprisonment for any term of not more than ten years or less than two years
and, in addition, a fine not to exceed $10,000. 
Id. § 12.34 (Vernon 2003).





[4] Tex. Penal Code
Ann. § 38.14 (Vernon
2003).  An offense under section 38.14 is
a state jail felony.  Id. §
38.14(e).  A state jail felony is
punishable by confinement in state jail for any term of not more than two years
or less than 180 days and, in addition, a fine not to exceed $10,000.  Id. § 12.35 (Vernon 2003).





[5] Appellant was given time to file his own
brief in these causes.  The time for
filing such a brief has expired and we have received no pro se brief.